1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

PAUL MICHAEL TEAHAN,

CASE NO. 06 CV 0015 JM (PCL)

11

Plaintiff,

**ORDER (1) ADOPTING IN PART AND
MODIFYING IN PART REPORT AND
RECOMMENDATION AND (2)
GRANTING DEFENDANTS' MOTION
TO DISMISS IN ITS ENTIRETY**

vs.

12

13

S. WILHELM, ET AL.,

14

Defendants.

**[Docket No. 17]**

15

16      This case is before the court on the issuance of a Report and Recommendation ("R&R") by

17   the Honorable Peter C. Lewis, United States Magistrate Judge.   The R&R recommends that

18   Defendants' motion to dismiss be granted in part and denied in part.   The parties have filed timely

19   objections.  After conducting a de novo review of those portions to which the parties object, the court

20   hereby sustains Defendants' objections in their entirety and overrules Plaintiff's objections in their

21   entirety.   Accordingly, the R&R is **ADOPTED IN PART** and **MODIFIED IN PART** as set forth

22   below.

23   **I.      BACKGROUND**

24      Plaintiff, a state prisoner incarcerated at Centinela State Prison and proceeding pro se, has filed

25   this § 1983 action challenging conditions of his confinement.  Defendants are Correctional Sergeant

26   Wilhelm and Correctional Lieutenant Caldwell (the "Defendants"), who are sued in both their

27   individual and official capacities.   Comp. at 2.  Plaintiff alleges claims arising under the First

28   ///

Amendment[1] and the Fourteenth Amendment's Due Process Clause.  Plaintiff seeks injunctive relief, money damages in the sum of $175.57, and punitive damages in the sum of $4,000.00.

The complaint arises out of an incident in November 2004 wherein defendant Wilhelm allegedly seized property from Plaintiff's cell, including a television.  The complaint further alleges that defendant Caldwell failed to adequately respond to Plaintiff's administrative grievance filed in response to the seizure of property.

On April 18, 2006, the court issued an order granting Plaintiff's motion to proceed in forma pauperis ("IFP") and finding that "Plaintiff's Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b)[.]"  See Docket No. 4 (the "screening order").  The screening order did not state why the complaint survived the sua sponte screening process.

On Defendants' motion to dismiss, the R&R recommended that (1) the complaint be dismissed as to Defendants in their official capacities because Defendants enjoy Eleventh Amendment immunity from suits seeking money damages, (2) the court find that Plaintiff had adequately stated a First Amendment retaliation claim because the court, in the screening order, had already made that determination, and (3) the court find that Plaintiff had failed to state a Due Process claim because California provides an adequate post-deprivation remedy for any unlawful seizure of Plaintiff's property that may have occurred.

Defendants object to the second recommendation above.  Plaintiff objects to the second and third recommendations.  Since the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made", the court will now address the merits of the parties' objections.  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980).

/ / /

/ / /

---

[1] The R&R construes Plaintiff's Eighth Amendment claim as a First Amendment claim because it found "that Plaintiff's claims would not have survived the initial screening process had Judge Miller evaluated the pleadings as Eighth Amendment and Fourteenth Amendment violations.  (Doc. No. 4 at 3-4)  Plaintiff is best served if count one and three are construed as First Amendment retaliation claims."  R&R at 5.

1   **II.**     **DISCUSSION**

2          **A.**     **Defendants' Objections**

3          Defendants object to the R&R's conclusion that because the complaint survived the sua sponte

4   screening process provided for in §§ 1915(e)(2)[2] and 1915A(b),[3] then the court has already determined

5   that Plaintiff has successfully stated a First Amendment retaliation claim and the R&R would therefore

6   decline to address the merits of Defendants' First Amendment arguments.  In so concluding, the R&R,

7   relied on Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) and Barren v. Harrington, 152 F.3d

8   1193, 1194 (9th Cir. 1998) for the proposition that because the language of § 1915(e)(2) parallels the

9   language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, then the court has effectively

10  already ruled on Plaintiff's First Amendment claim pursuant Rule 12(b)(6).  R&R at 6.

11         Defendants argue that Judge Lewis misinterprets Lopez and Barren.  Defendants also argue

12  that the R&R's view forecloses

13
14         pleadings and a full hearing based on the defendant's interpretation of the complaint, as well as the distinct possibility that this process will result in a narrowing and focusing of the issues, or dispense with the lawsuit altogether, both advancing judicial
15

16         [2] Section 1915(e)(2) provides in full,

17
18             (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

19                 (A) the allegation of poverty is untrue; or
                    (B) the action or appeal—
                    (I) is frivolous or malicious;
20                 (ii) fails to state a claim on which relief may be granted; or

21                 (iii) seeks monetary relief against a defendant who is immune from such relief.
22  28 U.S.C. § 1915(e)(2).

23         [3] Section 1915A, which only applies to prisoners, provides in full:

24             (a) Screening.— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental
25             entity.

26             (b) Grounds for Dismissal.— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
27                 (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
28                 (2) seeks monetary relief from a defendant who is immune from such relief.
    28 U.S.C. § 1915A.

1    economy.  To hold otherwise would also read the PLRA as intending to strip prison
2    officials of basic procedural rights that ordinary defendants enjoy.

3    Defs. Objections at 3.

4    The court finds that this objection has merit.  The issue in <u>Lopez</u> was whether § 1915(e)(2)

5    permitted a court to dismiss a prisoner IFP complaint with leave to amend in light of the statute's

6    "shall dismiss" language.  <u>Lopez</u>, 203 F.3d at 1124.  An en banc panel of the Ninth Circuit concluded

7    that it did because § 1915(e)(2) tracks the language of Rule 12(b)(6) and because it is well-settled that

8    a dismissal pursuant to Rule 12(b)(6) should be with leave to amend if possible.  <u>Id.</u> at 1127.  In

9    <u>Barren</u>, the Ninth Circuit reviewed the district court's sua sponte dismissal of an IFP complaint for

10   failure to state a claim.  The <u>Barren</u> court analogized § 1915(e)(2) to Rule 12(b)(6) for purposes of

11   determining that the district court's dismissal was subject to de novo review on appeal.  <u>Barren</u>, 152

12   F.3d at 1194.  Therefore, it would be an extension of <u>Lopez</u> and <u>Barren</u> to hold, as the R&R did, that

13   a sua sponte dismissal for failure to state a claim in the IFP context is the functional equivalent to a

14   Rule 12(b)(6) noticed motion which has been denied on the merits.  The question is whether extending

15   <u>Lopez</u> and <u>Barren</u> in this way is appropriate.  In light of the language of § 1915(e)(2) and case law,

16   the more sensible answer appears to be no.

17   It is well-settled that when determining whether a plaintiff has failed to state a claim upon

18   relief can be granted under § 1915(e)(2), courts use the Rule 12(b)(6) standard of review.  <u>See</u>, <u>e.g.</u>,

19   <u>Lopez</u>, <u>supra</u>; <u>Huftile v. Miccio-Fonseca</u>, 410 F.3d 1136, 1138 (9th Cir. 2005); <u>Barren</u>, 152 F.3d at

20   1194; <u>see also</u> <u>Black v. Warren</u>, 134 F.3d 732, 733-34 (5th Cir.1998); <u>Mitchell v. Farcass</u>, 112 F.3d

21   1483, 1489-90 (11th Cir.1997); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir.1997);

22   <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir.1996).  This power to sua sponte dismiss the complaint

23   may be invoked "at any time" the court finds that the plaintiff has failed to state a claim. § 1915(e)(2).[4]

24   This "at any time" language strongly suggests that the court's power does not exist solely at the

25   screening stage provided for in § 1915A, but at all stages of the case.

26   ///

27

28
       [4] The parties do not cite, nor was the court able to find, any cases construing the "at any time" language
       of § 1915(e)(2).

1    This construction of the statutes–that a defendant's right to bring a motion to dismiss is not

2    foreclosed by the issuance of a sua sponte screening providing that the prisoner has stated a claim–is

3    also supported by precedent.  See, e.g., Lopez, 203 F.3d at 1126 n.6 ("The PLRA provides that a

4    district court 'shall dismiss' an in forma pauperis complaint that fails to state a claim.  *So even if a*

5    *12(b)(6) motion is made*, that does not relieve the district court of its duty to follow the PLRA.")

6    (emphasis added); Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (concluding that "once an in

7    forma pauperis plaintiff raises a cognizable claim, a district court may not dismiss it sua sponte under

8    section 1915(d), even if the complaint does not flesh out all of the requisite details.  So long as the in

9    forma pauperis plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the

10   complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion.");

11   Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986) ("We emphasize the uniqueness of  [the sua

12   sponte dismissal] determination [under § 1915].  It is not to be confused with determinations made

13   under the Federal Rules."); Harris v. Ford, 32 F. Supp. 2d 1109, 1111 (D. Alaska 1999) (providing,

14   in dicta, that after the complaint passes the screening process and the court orders the complaint served

15   on the defendants, "[i]f defendants then wish to make motion for a more definite statement, or a

16   dispositive motion, they are free to do so."); cf.  Butler v. Leen, 4 F.3d 772, 773 (9th Cir. 1993)

17   (reversing, in case decided before § 1915 was amended to also allow dismissal for failure to state a

18   claim, district court's sua sponte dismissal under § 1915 of pro se prisoner's civil rights complaint

19   before service of process even though "plaintiff's claims against Judge Goldman obviously will have

20   to be dismissed at some point, because Judge Goldman is absolutely immune from an action for

21   money damages under section 1983.").  These cases demonstrate that the sua sponte screening and

22   dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that

23   the defendant may choose to bring.

24   Finally, the R&R's view would deprive Defendants of basic procedural rights afforded to

25   ordinary defendants not sued by plaintiff-prisoners proceeding IFP, a result which does not square

26   with the statute's goal of minimizing clearly meritless prisoner litigation.  In addition, basic fairness

27   weighs in favor of allowing Defendants to have their motion decided on the merits.  At the time of the

28   / / /

1  initial screening, the complaint was liberally construed without the benefit of briefing from

2  Defendants.

3      For these reasons, Defendants' objections are sustained. The court will now make a de novo

4  determination of whether Plaintiff has adequately stated a claim for First Amendment retaliation.

5                    *(1)    First Amendment Retaliation Claim against Wilhelm*

6      Prisoners have a First Amendment right to file prison grievances. <u>Bruce v. Ylst</u>, 351 F.3d

7  1283, 1288 (9th Cir.2003). In order to state a claim for First Amendment retaliation, Plaintiff must

8  allege

9        (1) An assertion that a state actor took some adverse action against an inmate (2)
         because of (3) that prisoner's protected conduct, and that such action (4) chilled the
10       inmate's exercise of his First Amendment rights, and (5) the action did not reasonably
         advance a legitimate correctional goal.

11

12  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

13     Here, Plaintiff alleges that Wilhelm conducted an arbitrary search of Plaintiff's cell in

14  retaliation for Plaintiff's requesting, from Wilhelm, a hearing before his property could be seized.

15  Comp. at 3-3a. Plaintiff also alleges that Wilhelm arbitrarily seized Plaintiff's television in retaliation

16  for Plaintiff's assertion of his right to remain silent during the course of the search. <u>Id.</u> These

17  allegations fail to state a First Amendment retaliation claim against Wilhelm because they fail to show

18  that Plaintiff was engaged in constitutionally-protected conduct. At the time of the search, Plaintiff

19  was not entitled to remain silent, a reference to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Nor does

20  Plaintiff have a constitutional right to a hearing before prison officials may seize his property since

21  California provides adequate post-deprivation remedies. <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1983)

22  (holding that intentional deprivations of prisoner property do not violate due process so long as the

23  state provides adequate post-deprivation remedies); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir.

24  1994) (per curiam) (finding that prisoner had failed to state a due process claim for deprivation of

25  property because "California Law provides an adequate post-deprivation remedy for any property

26  deprivations. *See* Cal.Gov't Code §§ 810-895.").

27     Accordingly, the motion is granted with respect to Plaintiff's First Amendment claim against

28  Wilhelm. Defendants make other arguments as to why the claim is deficient (e.g., Wilhelm's actions

1   advanced a legitimate correctional goal) but the court need not address those arguments, resting its

2   decision solely on the ground above.

3                    *(2)    First Amendment Retaliation Claim against Caldwell*

4           Nor has Plaintiff stated a First Amendment claim against defendant Caldwell.  The sole basis

5   for Plaintiff's claim against Caldwell is that Caldwell allegedly failed to use, in violation of Plaintiff's

6   Due Process rights, certain procedures when processing Plaintiff's administrative grievance.  Comp.

7   at 5.  Prisoners, however, "lack a separate constitutional entitlement to a specific prison grievance

8   procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d

9   639, 640 (9th Cir.1988)).  Therefore, Caldwell's handling of Plaintiff's grievance cannot form the

10  basis of a First Amendment retaliation claim.  Accordingly, the motion is also granted as to Caldwell.

11          **B.       Plaintiff's Objections**

12          Plaintiff objects to the R&R construing his Eighth Amendment Cruel and Unusual Punishment

13  claim as a First Amendment claim.  Plaintiff contends that he should instead be allowed to amend his

14  complaint to add a First Amendment claim.

15          However, it is clear from the events alleged that Plaintiff cannot state a claim arising under the

16  Cruel and Unusual Punishment Clause.  Only "deliberate indifference to [the] serious medical needs

17  of prisoners" can support an Eighth Amendment claim.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).

18  The complaint alleges that prison officials searched Plaintiff's cell numerous times over the course

19  of one evening, resulting in several items of Plaintiff's property being seized.  Comp. at 3-3a.  Even

20  construed in the light most favorable to Plaintiff, these allegations fail to state an Eighth Amendment

21  claim under the Estelle standard.  There is nothing in the complaint remotely suggesting that Plaintiff's

22  serious medical needs were at issue in connection with the search.

23          Plaintiff also objects to the R&R's conclusion that Plaintiff has failed to state a Due Process

24  claim because California provides for an adequate post-deprivation remedy.  Plaintiff argues that even

25  if California provides such a remedy, that does not alter the occurrence of the constitutional violation

26  in the first instance.  Pl. Objections at 4.  These arguments are contrary to Supreme Court precedent.

27  Parratt v. Taylor, 451 U.S. 527, 539 (1981) (holding that a negligent deprivation of a prison inmate's

28  property by state officials does not violate the Fourteenth Amendment's Due Process Clause if an

adequate post-deprivation remedy exists), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer,  468 U.S. 517, 533 (1983) (extending Parratt rule to intentional deprivations).

Finally, Plaintiff cites Logan v. Zimmerman, 455 U.S. 422 (1982), in his objections.  Logan held that post-deprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than by random and unauthorized action. Id. at 436.  However, here Plaintiff alleges that Wilhelm's decision to confiscate Plaintiff's property was arbitrary.  Comp at 3-3a.  Therefore, Wilhelm's decision could not have been the result of established state procedure.

**III.      CONCLUSION**

Part VI of the R&R, which concerns the First Amendment claim, is hereby **MODIFIED** and substituted with the findings and conclusions contained in Part IIA(1)-(2) of this order.  The court **ADOPTS** the remainder of the R&R.  Accordingly, the complaint is **DISMISSED** in its entirety and with leave to amend.  Lopez, 203 F.3d at 1128 (providing that dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that amendment would be futile).

If Plaintiff wishes to file an amended complaint, he must do so no later than forty-five (45) days from the date on which this order is filed.  Failure to do so will result in termination of this case and any subsequent complaint will have to be brought as a new action.

**IT IS SO ORDERED.**

DATED:  March 28, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:      Hon. Peter C. Lewis
         All Parties