1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PAUL MICHAEL TEAHAN,                          CASE NO. 06 CV 0015 JM (PCL)

12                               Plaintiff,        **ORDER ADOPTING REPORT**
                                                   **AND RECOMMENDATION AS**
13          vs.                                    **MODIFIED**

     S. WILHELM, et al.,
14
                               Defendants.
15

16          Plaintiff, a state prisoner proceeding pro se, filed a complaint under 42 U.S.C. § 1983 on

17   January 4, 2006.  The court dismissed the complaint with leave to amend on March 28, 2007.  Plaintiff

18   then filed a first amended complaint ("FAC") on May 9, 2007.  Defendants moved to dismiss the

19   FAC, to strike Plaintiff's request for punitive damages, and to designate Plaintiff's filing as a strike

20   under the Prison Litigation Reform Act ("PLRA").  (Doc. no. 26.)  Plaintiff opposed this motion.  On

21   December 21, 2007, Magistrate Judge Lewis issued a report and recommendation ("R&R")

22   recommending that the court grant Defendants' motion to dismiss, deny Defendants' motion to strike,

23   and deny Defendants' request to designate a strike against Plaintiff.  (Doc. no. 32.)  Plaintiff filed

24   objections to the R&R on January 16, 2008, and Defendants filed a reply on January 25, 2008.  For

25   the reasons set forth below, the court hereby adopts the R&R as modified.

26   **I.       BACKGROUND**

27          Plaintiff has filed this § 1983 action challenging conditions of his confinement.  Defendants

28   are Correctional Sergeant Wilhelm and Correctional Lieutenant Caldwell.  Plaintiff sues both

                                              - 1 -

defendants in their individual and official capacities.  (FAC at 2.)  The complaint arises largely out of a November 2004 incident during which defendant Wilhelm allegedly seized property, including a television, from Plaintiff's cell.  The court hereby incorporates by reference the R&R's statement of the facts alleged in the FAC.  Plaintiff alleges claims arising under the First, Eighth, and Fourteenth Amendments.  He seeks declaratory relief, $5,000 in compensatory damages, and $5,000 in punitive damages.

The R&R recommends that the court take the following action:

1.   Dismiss the complaint as to Defendants in their official capacities because Defendants enjoy Eleventh Amendment immunity from suits seeking money damages and Plaintiff does not seek appropriate declaratory relief.

2.   Find that Plaintiff fails to state an Eighth Amendment claim because the searches alleged do not rise to the level of cruel and unusual punishment.

3.   Find that Plaintiff fails to state a due process claim because California provides an adequate post-deprivation remedy for any alleged unlawful seizure of Plaintiff's property.

4.   Find that Plaintiff fails to state a First Amendment retaliation claim against Wilhelm because the November 2004 deprivation of his property served a legitimate correctional goal, Plaintiff had not initiated the grievance procedure before the November 2004 incident, Plaintiff did not have the right to remain silent, and Plaintiff failed to exhaust his administrative remedies regarding a May 23, 2005 incident.

5.   Find that Plaintiff fails to state a First Amendment retaliation claim against Caldwell because Plaintiff lacks a constitutional entitlement to a specific prison grievance procedure.

6.   Deny the motion to strike the punitive damages request as moot.

7.   Deny the request to designate a strike against Plaintiff under the PLRA because 28 U.S.C. § 1915(g) does not authorize a court to award a strike on an action the court dismisses.

//

**II.    DISCUSSION**

The court reviews a magistrate judge's R&R according to the standards set forth in Federal Rules of Civil Procedure ("FRCP") Rule 72(b) and 28 U.S.C. § 636.  The court "shall make a de novo determination of those portions of the report . . . to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).

The court adopts the findings and conclusions of the R&R in regard to all of the recommendations listed above, with the exception of the recommendation regarding Plaintiff's retaliation claim against Wilhelm (recommendation no. 4).  The court finds that Plaintiff fails to state a retaliation claim against Wilhelm for the reasons set forth below.

**A.    First Amendment Retaliation Claim against Wilhelm**

To state a First Amendment retaliation claim, a prisoner must allege:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff attempts to state a First Amendment claim against Wilhelm on the grounds that Wilhelm conducted harassing cell searches, confiscated his television, and verbally abused him in retaliation for Plaintiff's exercise of (1) his right to file prison grievances, (2) his right to free speech, and (3) his right to remain silent.

The R&R finds that Plaintiff "fails to meaningfully address whether the confiscation reasonably advanced a legitimate correctional goal." (R&R at 10.)  The R&R then recommends that the court take judicial notice of Plaintiff's original complaint and exhibits attached thereto, and suggests that the exhibits show that Wilhelm's actions served a legitimate correctional goal.  (R&R at 11.)  The R&R concludes that this defeats Plaintiff's claims based on his right to petition the government for redress and his right to free speech.

The court agrees that Plaintiff does not allege the absence of a legitimate correctional goal.  Plaintiff fails to allege this element explicitly in the FAC.  He also fails to allege facts sufficient to show, without more, that Wilhelm did not act in furtherance of a legitimate penological goal.  Cf.

1  Austin v. Terhune, 367 F.3d 1167, 1169, 1171 n.3 (9th Cir. 2004) (prisoner sufficiently alleged

2  absence of legitimate penological purpose by claiming that, when prisoner said he would report

3  guard's inappropriate behavior, guard responded that he would cite prisoner for misconduct).  Under

4  Rhodes, this is enough to find that Plaintiff fails to state a First Amendment retaliation claim.  See

5  Rhodes, 408 F.3d at 567-68 (plaintiff must allege that actions did not advance legitimate penological

6  purposes).  Accordingly, the court need not consider the documents attached to Plaintiff's original

7  complaint, and declines to adopt the R&R's finding that Wilhelm advanced a legitimate correctional

8  goal.  The court also need not determine whether the First Amendment protected Plaintiff's oral

9  complaints regarding his individual circumstances.  (See R&R at 12-13.)

10        The court does, however, agree with and adopt the R&R's conclusion that Plaintiff's oral

11  objections on November 10, 2004, did not constitute protected conduct because he had not yet

12  properly engaged in the informal inmate grievance process.  (See R&R at 11 (citing 15 Cal. Code

13  Regs. §§ 3084.2, 3084.5(a), 3084.6(b)).)  The court also adopts the R&R's conclusion that Plaintiff

14  fails to state a retaliation claim based on his alleged right to remain silent because, at the time of the

15  search, he did not have that right.  (See R&R at 13-14.)

16        In sum, the court concurs with the R&R's conclusion that Plaintiff fails to state a first

17  amendment retaliation claim against Wilhelm, for the reasons state above.

18        **B.     Plaintiff's Objections**

19        Plaintiff's objections largely restate arguments raised in opposition to the motion to dismiss.

20  To the extent these arguments have been addressed in this order or in the portions of the R&R adopted

21  by the court, the court declines to address the arguments again.

22        Plaintiff argues that the R&R contains an untenable contradiction.  He contends that on the one

23  hand, by concluding that Plaintiff fails to state a due process claim since California provides adequate

24  post-deprivation remedies, the R&R necessarily infers that the deprivation of Plaintiff's television was

25  "unlawful" or not carried out according to established state procedure.  On the other hand, he claims,

26  the R&R recommends dismissal of his First Amendment retaliation claims because Wilhelm's actions

27  served a legitimate correctional goal.  Plaintiff argues that these two findings "are in contraposition

28  because the R&R first finds that Defendant Wilhelm was not acting in accordance with state law when

he took Plaintiff's television, yet, that this unlawful act somehow served a legitimate correctional purpose." (Objections at 2.) Because the court declines to adopt the R&R's finding that Wilhelm's actions advanced a legitimate correctional goal, this objection is moot.

Finally, Plaintiff argues that the R&R wrongly relies on <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). The R&R cited this case for the general proposition that life in prison entails routine discomfort. <u>Id.</u> This does not undermine the R&R's analysis regarding the Eighth Amendment.

## III.   CONCLUSION

The court hereby adopts the findings and recommendations of the R&R with the exception of those related to Plaintiff's First Amendment retaliation claim against Wilhelm. For the reasons stated above, the court finds that Plaintiff fails to state a First Amendment retaliation claim against Wilhelm. Accordingly, the court (1) **GRANTS** the motion to dismiss with leave to amend, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of <u>pro se</u> complaint for failure to state claim is proper only where obvious that amendment would be futile); (2) **DENIES** the motion to strike the punitive damages request as moot; and (3) **DENIES** the motion to designate a strike against Plaintiff under the PLRA.

If Plaintiff wishes to file an amended complaint, he must do so no later than 45 days from the date on which this order is filed. Failure to do so will result in termination of this case and any subsequent complaint will have to be brought as a new action.

**IT IS SO ORDERED.**

DATED:  March 28, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge